UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

QUINCY MUTUAL FIRE INSURANCE
COMPANY, A/S/O LINDA MORRIS AND
STEPHEN MORRIS,

      Plaintiff

v.

SEARS, ROEBUCK AND COMPANY,

      Defendant

Case No. 14-10187

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the defendant, Sears, Roebuck and Co. ("Sears"), hereby gives notice of the removal to this Court of an action ("the State Court Action") brought against it by the plaintiff, Quincy Mutual Fire Insurance Company, a/s/o Linda Morris and Stephen Morris ("Quincy Mutual") in the Commonwealth of Massachusetts, Norfolk County Superior Court. As grounds for this removal, Sears states as follows:

1.  On or about December 30, 2013, Quincy Mutual commenced the State Court Action by filing a complaint entitled "*Quincy Mutual Fire Insurance Company a/s/o Linda Morris and Stephen Morris v. Sears, Roebuck and Company*," Civil Action No. 2013-01912-B, in Norfolk County Superior Court, Massachusetts. A copy of the complaint was served on Sears on January 8, 2014. A true and accurate copy of all pleadings served on Sears in this action are attached as Exhibit A.

2.     Quincy Mutual's complaint asserts claims against Sears stemming from the purchase of a washing machine from Sears, and subsequent property damage allegedly caused by the washing machine. According to a statement filed with the state court, Quincy Mutual seeks to recover $88,852.35.

3.     Plaintiff's action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and is one which Sears is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. As noted, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The action is between citizens of different states. Upon information and belief, Quincy Mutual is a Massachusetts corporation with a principal place of business in Quincy, Norfolk County, Massachusetts. Sears is a New York corporation with a principal place of business in Illinois.

4.     Venue is proper in this Court under 28 U.S.C. § 1441(a), because the court where Quincy Mutual filed the State Court Action is located in this district and division.

5.     Removal is timely under 28 U.S.C. § 1446(b)(1), because Sears first received the complaint when it was served on January 8, 2014, less than 30 days before the filing of this Notice.

6.     All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

7.     Sears will file with the clerk for the Superior Court of Norfolk County, Massachusetts, a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal.

Dated: January 24, 2014

    SEARS, ROEBUCK AND CO.
By its Attorneys,

/s/ William L. Boesch
William L. Boesch, BBO No. 558742
Joshua D. Nadreau, BBO No. 688970
SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
Telephone: (617) 227-3030
Facsimile: (617) 523-4001
boesch@srbc.com
nadreau@srbc.com

## CERTIFICATE OF SERVICE

     I hereby certify that on January 24, 2014 I served this document by mailing a copy, postage prepaid, to the following counsel of record:

    James T. Buchanan, Esq.
    Gary J. Mena, Esq.
    Buchanan and Associates,
    Attorneys at Law, P.C.
    121 Central Street, Suite 204
    Norwood, MA 02062

                                /s/ William L. Boesch

4849-6228-5080, v. 1