**CT Corporation**

**Service of Process Transmittal**
01/08/2014
CT Log Number 524179654

TO: Legal Intake B6-263B
Sears, Roebuck and Co.
3333 Beverly Road
Hoffman Estates, IL 60179-

RE: **Process Served in Massachusetts**

FOR: Sears, Roebuck and Co. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Quincy Mutual Fire Insurance Company, A/S/O Linda Morris and Stephen Morris, Pltf. vs. Sears, Roebuck and Company, Dft. |
| DOCUMENT(S) SERVED: | Summons, Proof of Service, Complaint, Cover Sheet, Instructions, Motion(s), Order |
| COURT/AGENCY: | Norfolk County Superior Court, Norfolk County, MA<br>Case # 1301912 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - Kenmore (Whirlpool) Washing Machine - Model Number 110.26844690, Serial Number CF4406338 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Boston, MA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/08/2014 at 15:54 |
| JURISDICTION SERVED: | Massachusetts |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service of this summons, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | James T. Buchanan<br>Buchanan and Associates<br>121 Central Street<br>Suite 204<br>Norwood, MA 02062<br>781-255-0330 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/08/2014, Expected Purge Date: 01/13/2014<br>Image SOP<br>Email Notification, Legal Intake B6-263B legalint@searshc.com |
| SIGNED: | C T Corporation System |
| PER: | Dahrlena Mitchell |
| ADDRESS: | 155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| TELEPHONE: | 617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT)- MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                       SUPERIOR COURT
                                                                                              CIVIL ACTION

                                                                                              NO. 13 01912

Quincy Mutual Fire Insurance
Company, a/s/o Linda Morris
and Stephen Morris_____, Plaintiff(s)

v.

Sears Roebuck and Company Defendant(s)

## SUMMONS

To the above-named Defendant: Sears, Roebuck and Company

You are hereby summoned and required to serve upon Gary S. Mena, plaintiff's attorney, whose address is 121 Central St, Suite 204, Norwood, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,         BARBARA J. ROUSE, Esquire   , at Dedham         the 30th

day of December_____, in the year of our Lord two thousand and thirteen.

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

............................................................................................................................................

............................................................................................................................................

............................................................................................................................................

Dated:                    , 20          ............................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

January 8, 2014.

A true Copy Attest

[signature]

Special Process Server

---

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 13-01912

Quincy Mutual Fire Insurance Company, a/s/o Linda Morris Plaintiff and Stephen Morris

v.

Sears, Roebuck and Company, Defendant

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **NORFOLK, SS.** | **NORFOLK SUPERIOR COURT**<br>**CIVIL ACTION NO.** /3- O/9/Z |

QUINCY MUTUAL FIRE                )
INSURANCE COMPANY, A/S/O    )
LINDA MORRIS AND STEPHEN )
MORRIS                                          )
      Plaintiff                                )       **COMPLAINT**
                                                    )
v.                                                  )
                                                    )
SEARS, ROEBUCK AND COMPANY )
      Defendant                            )

Plaintiff, Quincy Mutual Fire Insurance Company, as subrogee of Linda Morris and Stephen Morris through its attorneys, hereby alleges as follows:

### PARTIES

1. At all times material hereto, the plaintiff, Quincy Mutual Fire Insurance Company ("Quincy Mutual") is a property and casualty insurance company authorized to conduct business in the writing of fire and allied lines of insurance coverage within the Commonwealth of Massachusetts, whose principal place of business is located at 57 Washington Street, Quincy, Norfolk County, Massachusetts.

2. At all times material hereto, subrogors, Linda Morris and Stephen Morris are residents of the Commonwealth of Massachusetts as well as the owners of record of the property located at 84 Ipswich Road, Boxford, Middlesex County, Massachusetts, which is the subject property of this lawsuit.

3. At all times material hereto, the defendant, Sears, Roebuck and Co. (hereinafter referred to as "Sears") is a foreign corporation organized under the laws of the State of New York, with a principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois, that was and is engaged in the distribution and sale of residential appliances throughout the United States of America, including the Commonwealth of Massachusetts, and with a registered agent, CT Corporation System, 155 Federal Street, Boston, Massachusetts.

## JURISDICTION

4. Jurisdiction of the subject matter for this action is conferred upon this Court pursuant to Mass. Gen. Laws c. 212 §.3.

## ALLEGATIONS OF FACT

5. Upon information and belief, Sears distributed a line of Kenmore (Whirlpool) brand residential washing machines, one of which, model number 110.26844690, serial number CF4406338, which was manufactured and/or assembled in a defective manner.

6. Linda Morris and Stephen Morris purchased the subject washing machine from the defendant.

7. Said washer was reasonably used by Linda Morris and Stephen Morris in its usual, customary, expected and intended manner.

8. On or about January 2, 2011, the washer malfunctioned, discharged water, and caused extensive damage to Linda Morris and Stephen Morris' dwelling and personal property.

9. At all times material hereto, Quincy Mutual had issued a policy of homeowner's insurance to the Linda Morris and Stephen Morris, which was in effect at the time of the subject loss.

10. In accordance with the terms and provisions of the homeowner's insurance policy, Quincy Mutual indemnified the Linda Morris and Stephen Morris in the total actual cash value amount sufficient to invoke the jurisdiction of this honorable Court.

11. Accordingly, Quincy Mutual is now legally subrogated to the recovery of its claim payment to Linda Morris and Stephen Morris.

## FIRST COUNT – BREACH OF EXPRESSED WARRANTY

12. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. The defendant, through labeling, advertisement and verbal representations directed to the attention of the public generally, expressly warranted that the subject product could be used for its intended or particular purpose and was safe and free from defects.

14. Pursuant to M.G.L. c. 106, § 2-313, and in reliance upon such warranty made by the defendant, the Linda Morris and Stephen Morris did in fact purchase the subject washer from the defendant.

15. At the time the product was originally purchased, however, it was, in fact, defective, and not safe or reasonably suitable or fit for the purposes advertised.

16. As a result, the defendant's expressed warranties were not true, and such breaches of warranty proximately caused the plaintiff's damages as set forth herein.

## SECOND COUNT - BREACH OF IMPLIED WARRANTY

17. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The defendant impliedly warranted that the washer was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed, manufactured and

4.   Award such other relief, as this Honorable Court deems just and appropriate.

Respectfully submitted,
On behalf of the plaintiff,
Quincy Mutual Fire Insurance Company,
a/s/o Linda Morris and Stephen Morris
By its attorneys,

**BUCHANAN AND ASSOCIATES,
Attorneys at Law, P.C.**

_____
James T. Buchanan (BBO #561098)
jtb@buchananassoc.com

_____
Gary J. Mena (BBO #342680)
gary.mena@buchananassoc.com
121 Central Street, Suite 204
Norwood, MA 02062
(781) 255-0330

Dated: 12/30/13

5

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: Norfolk | DOCKET NO. 13-01912 |
|---|---|---|
| TYPE PLAINTIFF(S) NAME: Quincy Mutual Fire Insurance Company, a/s/o Linda Morris and Stephen Morris | | TYPE DEFENDANT(S) NAME: Sears, Roebuck and Company |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#

James T. Buchanan (BBO #561098)
Gary J. Meno (BBO #342680)
Buchanan and Associates Attorneys at Law, P.C.
121 Central Street, Suite 204
Norwood, MA 02062  781-255-0330

Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | A | [ ] Yes  [✓] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                        $_____
  2. Total doctor expenses                          $_____
  3. Total chiropractic expenses                    $_____
  4. Total physical therapy expenses                $_____
  5. Total other expenses (describe)                $_____
                                         Subtotal   $_____
B. Documented lost wages and compensation to date   $_____
C. Documented property damages to date              $ 88,852.35
D. Reasonably anticipated future medical expenses   $_____
E. Reasonably anticipated lost wages and compensation to date  $_____
F. Other documented items of damages (describe)     $_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendant's negligence in defectively manufacturing plaintiff's insureds' washing machine proximately caused plaintiff's damages as set forth herein.    Total $ 88,852.35

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendant's breach of warranty associated with the negligently manufactured washing machine proximately caused plaintiff's damages as set forth herein.    TOTAL $ 88,852.35

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 12/30/13
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT* | | **EQUITABLE REMEDIES** | | E11 Worker's Compensation | (X) |
| | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence | (F) | D02 Reach and Apply | (F) | E14 G.L.c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X), |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c.-178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B19 Asbestos | (A) | | | E96 Prisoner Cases | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B21 Environmental | (F) | | | E99 Other (Specify) | (X) |
| B22 Employment Discrimination | (F) | | | | |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS.**  **NORFOLK SUPERIOR COURT**
  **CIVIL ACTION NO.** 13-01912

QUINCY MUTUAL FIRE )
INSURANCE COMPANY, A/S/O )
LINDA MORRIS AND STEPHEN )
MORRIS )
    Plaintiff )
)
v. )
)
SEARS, ROEBUCK AND COMPANY )
    Defendant )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

In accordance with the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure, the undersigned hereby move this Honorable Court for the appointment of **Hank Dewsnap**, or any of his designees, as process server in the above-entitled action.

The undersigned swears that to the best of their knowledge and belief, the person to be appointed process server is a constable who is experienced in the service of process, is 18 years of age or over, and is not a party to this action.

          Respectfully submitted,
          On behalf of the plaintiff,
          Quincy Mutual Fire Insurance Company,
          a/s/o Linda Morris and Stephen Morris
          By its attorneys,

          **BUCHANAN AND ASSOCIATES,**
          **Attorneys at Law, P.C.**

          James T. Buchanan (BBO #561098)
          *jtb@buchananassoc.com*
          Gary J. Mena (BBO #342680)
          *gary.mena@buchananassoc.com*
          121 Central Street, Suite 204
          Norwood, MA 02062
Dated: 12/30/13           (781) 255-0330

NORFOLK, SS.   NORFOLK SUPERIOR COURT
CIVIL ACTION NO.

**13 01912**

QUINCY MUTUAL FIRE )
INSURANCE COMPANY, A/S/O )
LINDA MORRIS AND STEPHEN )
MORRIS )
    Plaintiff )
)
v. )
)
SEARS, ROEBUCK AND COMPANY )
    Defendant )

*December 30, 2013*

*Motion is Allid.*
*(Davis, J)*
*Att: Mary K. Healy*
*Butler*

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

In accordance with the provisions of Rule 4(c) of the Massachusetts Rules of Civil Procedure, the undersigned hereby move this Honorable Court for the appointment of **Hank Dewsnap**, or any of his designees, as process server in the above-entitled action.

The undersigned swears that to the best of their knowledge and belief, the person to be appointed process server is a constable who is experienced in the service of process, is 18 years of age or over, and is not a party to this action.

A TRUE COPY
Attest: *Cynthia A. Kramer*
Deputy Assistant Clerk
12/30/13

Respectfully submitted,
On behalf of the plaintiff,
Quincy Mutual Fire Insurance Company,
a/s/o Linda Morris and Stephen Morris
By its attorneys,

**BUCHANAN AND ASSOCIATES,
Attorneys at Law, P.C.**

James T. Buchanan (BBO #561098)
jtb@buchananassoc.com
Gary J. Mena (BBO #342680)
gary.mena@buchananassoc.com
121 Central Street, Suite 204
Norwood, MA 02062
(781) 255-0330

Dated: 12/30/13

# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

CIVIL DOCKET # NOCV2013-01912-B
Courtroom CtRm 3

RE: Quincy Mutual Fire Insurance Company a/s/o v Sears Roebuck and Company

TO: Gary J. Mena, Esquire
Buchanan & Associates
121 Central Street
Suite 204
Norwood, MA 02062

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **12/14/2016**

### STAGES OF LITIGATION — DEADLINES

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 03/30/2014 | 03/30/2014 |  |
| Response to the complaint filed (also see MRCP 12) |  | 04/29/2014 |  |
| All motions under MRCP 12, 19, and 20 | 04/29/2014 | 05/29/2014 | 06/28/2014 |
| All motions under MRCP 15 | 02/23/2015 | 03/25/2015 | 03/25/2015 |
| All discovery requests and depositions served and non-expert depositions completed | 12/20/2015 |  |  |
| All motions under MRCP 56 | 01/19/2016 | 02/18/2016 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 06/17/2016 |
| Case shall be resolved and judgment shall issue by **12/14/2016** |  |  | 12/14/2016 |

- The final pre-trial deadline is **not the scheduled date of the conference.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 12/30/2013

Walter F. Timilty
Clerk of the Court

Telephone: (781) 326-1600

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic 1302400 notsent fostervi